HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE DOMNITZ, PAMELA TADDEI, AND IMELDA KANTERE, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WAREHOUSE DEMO SERVICES, INC., a Washington Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Lead Case No. CV-09-05305 MMC**<br>**Consolidated with Case No. CV-10-04539 MMC**<br><br>CLASS ACTION<br><br>[Assigned for all purposes to the Hon. Maxine Chesney]<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** ~~OF SETTLEMENT~~ |

1  Pursuant to Federal Rule of Civil Procedure 23(e), the parties seek an order approving the settlement of this action in accordance with the terms of the Stipulation of Settlement and Release ("Settlement"), including Exhibits A through E attached thereto. Having read and considered the Settlement, the parties' joint Motion for Preliminary Approval of the Class Action Settlement and Supplemental Motion for Preliminary Approval of the Class Action Settlement, and having read all of the other pleadings, papers, and filings in this matter,

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Settlement, including the definitions applicable to the Settlement, is incorporated by reference into this Order.

2. The terms and conditions of the proposed settlement between plaintiffs Jacqueline Domnitz, Pamela Taddei, Imelda Kantere, and Nick Martin, ("Plaintiffs"), and Warehouse Demo Services, Inc. ("WDS") appear to be fair, reasonable, and adequate as required by Federal Rule of Civil Procedure 23(e)(2); the Settlement and the Exhibits as revised and submitted as part of the Parties' Supplemental Motion for Preliminary Approval of the Class Action Settlement are preliminarily approved pending the Final Settlement Hearing as provided herein; and the proposed settlement shall be submitted to the Class Members.

3. For the purposes of effectuating this proposed settlement only, the Class is conditionally certified for settlement purposes only, Plaintiffs are conditionally appointed as class representatives authorized to act on behalf of the Class, and Class Counsel are conditionally appointed as counsel for the Class as required pursuant to Federal Rule of Civil Procedure 23(g), without prejudice to WDS's right to contest class certification if the proposed settlement described in the Settlement is not fully implemented.

4. The Court finds that (i) the proposed Settlement resulted from arm's-length negotiations and was the result of a full-day mediation session before an impartial, respected and experienced mediator; (ii) the proposed Settlement was concluded only after counsel for both parties had conducted adequate discovery and investigation; and (iii) the terms of the proposed Settlement as evidenced by the Settlement are sufficiently fair, reasonable and adequate to warrant sending the Notice in the form attached hereto as Exhibit 1 ~~as Exhibit C to the Supplemental Motion for~~

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

-1-
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

~~Preliminary Approval of the Class Action Settlement~~ to the Class Members and holding a full hearing on the proposed Settlement.

5. The Final Settlement Hearing shall be held at 9:00 a.m. on August 26, 2011 in Courtroom 7, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, to determine final approval of the Settlement, including: (i) whether the Lawsuits should be finally certified as a class action solely and exclusively for settlement purposes; (ii) whether the proposed settlement should be given final approval as fair, reasonable and adequate as required by Federal Rule of Civil Procedure 23(e)(2) and in the best interests of each of the Parties and the Class Members; (iii) whether a final judgment should be entered as required by the Settlement and Exhibit E thereto; (iv) whether the Class Members should be bound by the Release of Claims set forth in the Settlement; (v) whether Class Representative Enhancement Awards should be made to Plaintiffs as set forth in Part III.I. of the Settlement; (vi) the amount of Class Counsel's award of Attorneys' Fees not to exceed 25% of $3.3 million (e.g., $825,000) and Litigation Costs of $75,000; and (vii) any other matter that may be relevant to the Settlement. The Final Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

6. The Court approves the Claim Form and Exclusion Form, which are attached as Exhibits D and E to the Supplemental Motion for Preliminary Approval of the Class Action Settlement, and approves the Notice, which is attached as Exhibit 1 to the instant order.

7. The Court approves the appointment of Rust Consulting, Inc. as the Claims Administrator to attend to mailings of the Notice to potential Class Members, and administration of this settlement.

8. In accordance with Part III.F.2 and IV. A of the Settlement, within fifteen (15) business days after preliminary approval of this settlement agreement, Defendant shall provide to the Claims Administrator the following information about each Class Member in a format requested by the Claims Administrator (the "Class List"): (1) name, (2) last known home address, (3) Social Security number, and (4) the number of shifts worked by each Class Member

1  during the Class Period, for purposes of contacting class members and calculating estimated
2  settlement awards.
3       9.      In accordance with Part IV.C of the Settlement, within fifteen (15) business days
4  after receiving the class list and data, the Claims Administrator shall mail a copy of the notice
5  packet in the form approved by the Court in its preliminary approval order to all persons shown
6  by Defendant's records to be Class Members, via first class U.S. mail, using the most current
7  mailing address available.  As part of the Notice packet, the Claims Administrator shall mail to
8  each Class Member ~~an estimated Settlement Award~~ a Claim Form that for each Class Member states: (i) the
9  number of shifts each Class Member worked during the Class Period; and (ii) the estimated
10 Settlement Award he/she is expected to receive as a Class Member. Upon completion of these
11 steps by the Claims Administrator, the Parties shall be deemed to have satisfied their obligation
12 to provide the Notice to the Class.
13      10.     The Court finds that mailing of the Notice as provided for in this Order and the
14 Settlement constitutes the best notice practicable under the circumstances, constitutes due and
15 sufficient notice of the matters set forth therein to all persons entitled to receive notice, fully
16 satisfies the requirements of due process and Federal Rule of Civil Procedure 23, and fully and
17 satisfactorily advises potential Class Members of their rights to object to or to exclude
18 themselves from the proposed settlement.
19      11.     The Court approves the claim submittal and review process as required by the
20 Settlement.  Any Class Member who wishes to receive a Settlement Award must timely submit a
21 properly completed and signed Claim Form postmarked on or before July 13, 2011, and must
22 satisfy all of the requirements set forth in Parts IV.C through IV.F of the Settlement.  Deficient
23 or untimely Claim Forms will be handled in accordance with Part IV.F of the Settlement.
24      12.     Class Members who wish to exclude themselves from the Class must submit an
25 Exclusion Form to the Claims Administrator postmarked by the objection or exclusion deadline
26 date (the Class Response Period).  In order to be properly excluded from the Class, the Class
27 Member must satisfy all of the requirements set forth in Parts IV.H.d. and IV.H.e. of the
28 Settlement.  All Class Members who do not submit a timely Exclusion Form shall be bound by

-3-
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1  any final order and judgment, regardless of whether or not they chose to submit a Claim Form,
2  and, as a result, they shall be barred from asserting any claims against the Releasees arising from
3  the Released Claims, and they shall be conclusively deemed to have released any and all such
4  claims.  Any Class Member who timely submits an Exclusion Form will not receive a Settlement
5  Award.

6      13.    The Court will also consider objections to the proposed settlement at the Final
7  Settlement Hearing.  Class Members who wish to object to the proposed settlement must serve
8  and file written objections and any class member who wishes to appear and be heard at the Final
9  Settlement Hearing in addition must state such an intention in their objection.  Such written
10 ~~notice of intention to appear and~~ objections must be filed with the Court and served on the
11 Parties' counsel ~~by the end of the Class Response Period.~~ no later than July 13 2011.  Class Members who fail to file and
12 serve timely written objections in the manner specified in the Notice shall be deemed to have
13 waived any objections and shall be foreclosed from making any objection (whether by appeal or
14 otherwise) to the Settlement.

15     14.    No later than ten (10) calendar days after the end of the Class Response Period,
16 the Claims Administrator will provide to counsel for Defendant the names of individuals who
17 returned valid and timely requests for exclusion.

18     15.    Plaintiffs and Class Counsel shall file any motion for an award for fees, expenses,
19 and incentive awards and provide access to these documents on www.employment-
20 lawyers.com/court-notices.html no later than May 13, 2011.  Plaintiffs and Class Counsel shall
21 file all appropriate documents in support of their request for final approval on or before August
22 5, 2011.

23     16.    This Order shall become null and void, and shall be without prejudice to the rights
24 of the Parties, all of whom are restored to their respective positions existing immediately before
25 this Court entered this Order, if:  (i) the proposed Settlement is not finally approved or does not
26 become final, pursuant to the terms of the Settlement; or (ii) the proposed Settlement is
27 terminated in accordance with the Settlement or does not become effective under the terms of the
28 Settlement for any other reason.

In such event, (i) WDS will not be deemed to have consented to certification of any class, and will retain all rights to fully object to or oppose any motion for class certification, including certification of the identical class provided for herein or any other class(es); (ii) the proposed Settlement and Settlement shall become null and void and be of no further force and effect, and all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to the parties, shall not be deemed or construed to be an admission or confession by the parties of any fact, matter, or proposition of law, and shall not be used in any manner for any purpose, and all parties to the Lawsuits shall stand in the same position as if the Settlement had not been negotiated, made, or filed with the Court; and (iii) this Order shall be of no force or effect and shall not be construed or used as an admission, concession or declaration by or against WDS of any fault, wrongdoing, breach or liability, or used to support the certification of any class, nor shall the Order be construed or used as an admission, concession or declaration by or against Plaintiffs or the Class Members that their claims lack merit or that the relief requested in the Lawsuits is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

17. The Action is stayed and all pre-trial dates are vacated, and Plaintiffs and the Class Members are hereby enjoined from further prosecuting the Action, subject to further orders of the Court at the Final Settlement Hearing.

IT IS SO ORDERED.

Dated: April 1, 2011

Hon. Maxine M. Chesney
Judge of the United States District Court