1  MICHAEL HOFFMAN (SBN 154481)
   HOFFMAN EMPLOYMENT LAWYERS,
2  LLP
   100 Pine Street, Suite 1550
3  San Francisco, CA 94111
   Telephone: (415) 362-1111
4  Facsimile: (415) 362-1112
   Email: mhoffman@employment-lawyers.com
5
   Attorneys for Plaintiffs
6  JACUELINE DOMNITZ, PAMELA TADDEI,
   and IMELDA KANTERE
7

8

9

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12

13 |                                          | Case No. CV-09-05305 MMC

14 | JACQUELINE DOMNITZ, PAMELA               | **DECLARATION OF ALEC SEGARICH**
   | TADDDEI, and IMELDA KANTERE, on          |
15 | behalf of themselves, all others similarly | Date:       November 4, 2011
   | situated, and the general public,        | Time:       9:00 a.m.
16 |                                          | Courtroom:  7
   |           Plaintiffs,                    | Judge:      Hon. Maxine Chesney
17 |
   |   v.
18 |
   | WAREHOUSE DEMO SERVICES, INC., a
19 | Washington Corporation and Does 1 through
   | 10, inclusive,
20 |           Defendants.

21

22

23

24

25

26

27

28

DECLARATION OF ALEC SEGARICH
Case No. CV-09-05305 MMC

## DECLARATION OF ALEC SEGARICH

I, Alec Segarich, declare:

1. I am over the age of 21 years and a resident of the State of California. I am an attorney in the State of California, and a former associate at Hoffman Employment Lawyers, LLP. Although I am no longer working on new matters with the firm, I agreed to remain counsel of record to assist the firm on the *Domnitz v. WDS* matter. I have personal knowledge of all statements contained in this declaration.

2. As part of my work on the *Domnitz* matter, I was responsible for preparing Plaintiffs' motion for attorney fees and costs, and enhancement payments for the named plaintiffs, including Jacqueline Domnitz. These assignments required declarations from the named plaintiffs describing their participation in the case. I engaged in a lengthy discussion between June 1, 2011, and June 3, 2011 with Ms. Domnitz as to the contents of her declaration, over the phone and by email. Over the course of this discussion, Ms. Domnitz would review a draft declaration, make changes, appear to be ready to return a signed copy, then refuse to sign, a process that repeated itself several times. Each time, she raised different reasons why she would not sign the declaration. For example, she stated she would sign and return a draft she had approved, then emailed Mr. Hoffman stating that she would never sign the document, despite telling me she would only a day earlier.

3. I spoke with Mr. Hoffman about this process, asking his opinion of why Ms. Domnitz was becoming increasingly unpredictable, and apparently hostile to the idea of supporting her own enhancement payment. It was his opinion that Ms. Domnitz was unhappy with the amount of money she was receiving, and was using the declaration as a negotiating tactic to get a larger award. By the end of the business day on June 3, 2011, Ms. Domnitz appeared satisfied with the draft declaration, and soon after submitted a signed copy to the firm.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my ability.

Executed on October __27__, 2011, at San Francisco_____, California.

_____
Alec Segarich